# EXHIBIT B

# Exhibit 1


torus

# SPECIAL EXCESS LIABILITY POLICY FOR
# CITY OF CHICAGO, ILLINOIS

### Table of Contents

| | | |
|---|---|---|
| **SECTION I. WHAT WE SHALL PAY ON YOUR BEHALF** | | 1 |
| A. | Insuring Agreements | 1 |
| B. | Defense and Defense Costs | 2 |
| **SECTION II. DEFINITIONS** | | 2 |
| **SECTION III. LIMITS OF INSURANCE** | | 11 |
| **SECTION IV. WHO IS AN INSURED** | | 12 |
| **SECTION V. EXCLUSIONS** | | 13 |
| **SECTION VI. GENERAL CONDITIONS** | | 19 |
| A. | Appeals | 19 |
| B. | Bankruptcy, Insolvency or Inability to Pay | 20 |
| C. | Cancellation | 20 |
| D. | Nonrenewal | 21 |
| E. | Conformance to Statute | 21 |
| F. | Duties in The Event of an Occurrence or Wrongful Act or Employee Benefit Wrongful Act or Claim or Suit | 22 |
| G. | First Named Insured | 23 |
| H. | Inspection | 23 |
| I. | Legal Actions Against Us | 24 |
| J. | Other Insurance | 24 |
| K. | Policy Changes | 24 |
| L. | Policy Period | 24 |



**SPECIAL EXCESS LIABILITY POLICY FOR**

**CITY OF CHICAGO, ILLINOIS**

| | | |
|---|---|---|
| M. | Policy Territory | 24 |
| N. | Premium | 25 |
| O. | Separation Of Insureds | 25 |
| P. | Subrogation | 25 |
| Q. | Transfers of Your Rights and Duties | 25 |



**Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK) Limited**

AS Cooper Building
26 Reid Street, Hamilton HM 11
PO Box HM 1503, Hamilton HM FX
Bermuda
Tel: + (441) 295 6722
Fax: + (441) 295 1819
Email For Claims Matters Only:
claims@torusinsurance.com.

Various provisions in this Policy restrict coverage. Read the entire Policy carefully to determine rights, duties, and what is and is not covered.

Throughout this Policy the words **you and your** refer to the **Named Insured(s)** shown in the Declarations and any other person(s) or organization(s) qualifying as an **insured** under this Policy. The words **we, us,** and **our** refer to the Company providing this insurance.

Other words and phrases that appear in boldface have special meaning. Refer to SECTION II. DEFINITIONS, and SECTION IV. WHO IS AN INSURED.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations, **we** agree to provide as follows:

### SECTION I. WHAT WE SHALL PAY ON YOUR BEHALF

### A.    INSURING AGREEMENTS

1.    **BODILY INJURY** AND **PROPERTY DAMAGE** LIABILITY

**We** shall pay **you,** or on **your** behalf, the **ultimate net loss,** in excess of the **retained limit,** that the **insured** becomes legally obligated to pay by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury** or **property damage** arising out of an **occurrence** during the Policy Period.

2.    ERRORS AND OMISSIONS LIABILITY

**We** shall pay **you,** or on **your** behalf, the **ultimate net loss,** in excess of the **retained limit,** that the **insured** becomes legally obligated to pay to compensate others for loss arising out of **your wrongful act** that takes place during the Policy Period and arises solely in performing or failing to perform duties of the **public entity.**

3.    EMPLOYEE BENEFIT LIABILITY

**We** shall pay **you,** or on **your** behalf, the **ultimate net loss,** in excess of the **retained limit,** that the **insured** becomes legally obligated to compensate others for loss arising out of **your employee benefit wrongful act** that takes place during the Policy Period, in the **administration** of **your employee benefit program.**



**B.    DEFENSE AND DEFENSE COSTS**

1.    The defense of any **claim** or **suit** to which this Policy applies is **your** obligation and that of **your** legal representative, the City of Chicago Corporation Counsel. **You** will pay all costs of **claim** or **suit** investigation, litigation, and legal expense which can be directly allocated to a specific **claim** or **suit.**

2.    **We** will not be obligated to assume charge of the investigation, settlement or defense of any **claim** made, **suit** brought or proceeding instituted against **you. We** will, however, have the right and shall be given the opportunity to participate in the defense and trial of any **claim, suit** or proceedings relative to any **occurrence, wrongful act** or **employee benefit wrongful act,** which in **our** opinion, may create liability for **us** under the terms and conditions of this Policy. If **we** exercise such right, **we** will do so at **our** own expense.

3.    In the event **you** receive a settlement demand on a **claim** or **suit** covered by this Policy which is in excess of **your retained limit** and to which we do not agree, then, upon **your** tender to **us** of an amount equal to **your retained limit, we** will then pay on **your** behalf all sums for which **you** may become legally liable including defense costs. **We** will not defend any **suit** or **claim** after **our** applicable Limit(s) of Insurance has been exhausted by payment of judgments or settlements.

If the final judgement or settlement is less than the amount tendered to **us,** the unapplied portion will be returned to **you** less **our** defense costs.

When the final judgement or settlement is less than the amount tendered to **us,** and the sum of the final judgement or settlement plus the defense costs exceeds **your retained limit,** than the defense costs in excess of **your retained limit** will be shared on an equal basis by **you** and **us.**

## SECTION II.   DEFINITIONS

A.    **Administration** means:

1.    Counseling **employees,** including their dependents and beneficiaries, with respect to the **employee benefit program;**

2.    Handling records in connection with the **employee benefit program;** and/or

3.    Effecting or terminating any **employee's** participation in a plan included in the **employee benefit program.**



B.   **Automobile** means a land motor vehicle, trailer or semi-trailer; or, such land motor vehicles used in a transit or public transportation system operating over non-fixed routes as provided in the exception provisions of Exclusion BB.

C.   **Bodily Injury** means bodily harm, sickness, disability or disease. **Bodily injury** shall also mean mental injury, mental anguish, humiliation, shock or death if resulting directly from **bodily injury,** sickness, disability or disease. **Bodily injury** shall include care and loss of services resulting at any time resulting from the **bodily injury** of any person or persons.

D.   **Claim(s)** means a demand for money.

E.   **Employee** includes a **leased worker** or a volunteer while acting within the scope of his/her duties as such.

F.   **Employee benefit program** includes any employee benefit plan involving, but not limited to, the following:

Group life insurance, group accident or health insurance, profit sharing plans, pension plans and stock subscription plans provided that no one other than an **employee** may subscribe to such insurance or plans, unemployment insurance, social security benefits, workers' compensation and disability benefits.

G.   **Employee benefit wrongful act** means any actual or alleged negligent act, error, or omission in the **administration** of the **employee benefit program.**

H.   **Employment practice liability** shall mean any actual or alleged negligent error or omission resulting in loss to:

1    A person arising out of any:

a.   Refusal to employ that person;

b.   Termination of that person's employment; or

c.   Employment related practices, policies, acts or omission, including, but not limited to: coercion, demotion, evaluation, **retaliation,** reassignment, discipline, defamation, harassment, failure to promote, humiliation, discrimination; or acts or omissions as described in 1.c. herein directed at a **whistle-blower; or**

2    The spouse, child, parent, brother or sister of that person as a consequence of loss to that person to whom any of the employment-related practices described in paragraphs. 1.a., 1.b., or 1.c. above apply.

This coverage applies:



       a. Whether **you** may be liable as an employer or in any other capacity; and

       b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

I    **First aid** means the immediate and emergency care given to an ill or injured person before regular medical aid can be obtained.

J    **Hired automobile** means an **automobile** used under contract on **your** behalf or loaned to **you,** provided such **automobile** is not owned by **you** or registered in **your** name or in the name of any of **your employees** or servants.

K.    **Insured contract** means:

    1.    A contract for a lease of premises including but not limited to premises rented or loaned to **you;**

    2.    A sidetrack agreement;

    3.    Any easement or license agreement;

    4.    An obligation, as required by ordinance;

    5.    An elevator maintenance agreement;

    6.    That part of any other contract or agreement pertaining to **your** business under which **you** assume the tort liability of another party to pay for **bodily injury** or for **property damage,** or for a **wrongful act** from a **personal injury offense** to a third person or organization. **Tort liability** means a liability that would be imposed by law in the absence of any contract or agreement; or

An **insured contract** does not include that part of any contract or agreement:

    That indemnifies an architect, engineer, or surveyor, his agents or **employees,** for injury or damage arising out of:

    a.    Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs, or specifications; or

    b.    Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

L.    **Joint powers authority(ies)** means two (2) or more public agencies joined together by a joint agreement in order to jointly exercise any power common to the contracting parties, including, but not limited to the power to create risk pooling and joint purchase of private insurance.



M.   **Land subsidence** means the movement of land or earth, including, but not limited to, sinking or settling of land, earth movement, earth expansion and/or contraction, landslide, slipping, falling away, caving in, eroding, earth sinking, and earth rising or shifting or tilting.

N.   **Leased worker** means a person leased to **you** by a labor leasing firm under an agreement between **you** and the labor leasing firm, to perform duties related to the conduct of **your** business.

O.   **Loading or unloading** means the handling of property:

   1.   While it is in or on an aircraft; or

   2.   While it is being moved from an aircraft to the place where it is finally delivered.

   But **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft.

P.   **Municipality** means a legally incorporated or duly authorized association of inhabitants of a limited area limited to the following: city, town, county, village, township, borough, hamlet, burgh, or state.

Q.   **Nuclear facility** means:

   1    Any **nuclear reactor;**

   2    Any equipment or device or used for:

      a.   Separating the isotopes of uranium or plutonium,

      b.   Processing or utilizing **spent fuel,** or

      c.   Handling, processing or packaging nuclear **waste;**

   3    Any equipment or device used for the processing, fabricating, or alloying of **special nuclear material** if at any time the total amount of such material in **your** custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233, or any combination thereof, or more than 250 grams of uranium 235;

   4    Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of nuclear **waste;** or

   5    The site on which 1. and 2. above are located, all operations conducted on those sites, and all premises used for such operations.

 torus

R.  **Nuclear material** means **source material, special nuclear material** or **by-product material.**

S   **Nuclear reactor** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

T.  **Occurrence** means an accident, including continuous, repeated, or related exposure to substantially the same general harmful conditions, which results in **bodily injury** or **property damage** neither expected or intended from **your** standpoint.

U.  **Owned automobile** means an **automobile** owned by **you** or under long term lease to **you.**

V.  **Pollutants** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and **waste** material. **Waste** material includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

    **Pollutants** shall not include potable water, water distributed to the consumer intended to be potable water, agricultural water, or water furnished to commercial users, or water used for fire suppression.

W.  **Products-completed operations hazard** means all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your** work except:

    1.  Products that are still in **your** physical possession; or

    2.  Work that has not yet been completed or abandoned.

    **Your** work will be deemed completed at the earliest of the following times:

    1.  When all of the work called for in **your** contract has been completed;

    2.  When all of the work to be done at the site has been completed if **your** contract calls for work at more than one site; or

    3.  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    This hazard does not include **bodily injury** or **property damage** arising out of:



1. The transportation of property, unless the injury or damage arises out of a condition in or of a vehicle created by the **loading or unloading** of it; or

2. The existence of tools, uninstalled equipment or abandoned or unused materials.

X. **Property damage** means:

1. Physical injury to or destruction of tangible property, including all resulting loss of use of that property; or

2. Loss of use of tangible property that is not physically injured or destroyed.

Y. **Public entity** refers to that **municipality,** governmental body, department, or unit, which is a **Named Insured** in the Declarations.

Z. **Retained limit** refers to the amount stated in the Declarations. This amount may consist of a self insured retention, **underlying insurance,** or a combination thereof. If there are policies of **underlying insurance** and they do not apply to the **occurrence, wrongful act,** and/or **employee benefit wrongful act, you** shall retain this amount as self-insurance as stated in the Declarations with respect to:

**1.** **Bodily injury** or **property damage** arising out of each such **occurrence** or series of continuous, repeated or related **occurrences;**

2. Each such **wrongful act** or series of continuous, repeated or related **wrongful acts;** or

**3.** Each such **employee benefit wrongful act** or series of continuous, repeated, or related **employee benefit wrongful acts.**

The **retained limit,** with respect to a self-insured retention, shall not include defense costs.

AA. **Retaliation** means a **wrongful act** of **yours** relating to or alleged to be in response to any of the following activities:

1 The disclosure or threat of disclosure by **your employee** to a superior or to any governmental agency of any act by **you** which is alleged to be a violation of any federal, state, local, or foreign law, common or statutory, or any rule or regulation promulgated thereunder;



2.  The actual or attempted exercise by **your employee** of any right that such **employee** has under law, including rights under worker's compensation laws, the Family and Medical Leave Act, the Americans with Disabilities Act or any other law relating to **employee** rights;

3.  The filing of any **claim** or **suit** under the Federal False Claims Act of any other federal, state, local, or foreign **whistle-blower** law; or

4.  Strikes of **your employee.**

BB.  **Source material, special nuclear material** and **by-product material** have the meaning given them in the Atomic Energy Act of 1954 or in any amendatory law thereof.

CC.  **Spent fuel** means any fuel element or fuel component, solid or liquid, which has been used in or exposed to radiation in a **nuclear reactor.**

DD.  **Suit** means a civil proceeding in which damages are alleged because of **bodily injury** or **property damage, wrongful act** or **employee benefit wrongful act** to which this insurance applies. **Suit** includes:

i   An arbitration proceeding in which such damages are claimed and to which **you** must submit or do submit with **our** and **your** consent; or

2   Any other alternative dispute resolution proceeding in which such damages are claimed and to which **you** submit with **our** and **your** consent.

EE.  **Ultimate net loss** means the sum actually paid or payable due to a **claim** or **suit** for which **you** are liable either by a settlement to which **you** and **we** agreed or a final judgment. Such sum will include proper adjustments for recoveries and salvage.

FF.  **Underlying insurance** refers to the policies listed in the Schedule of **Underlying Insurance** and includes:

1.  Any renewal or replacement of such policies;

2.  Any other insurance available to the **you;** and

3.  Any other valid and collectible risk financing mechanism provided under a **joint powers authority.**

GG.  **Underlying insurer** means any insurer which provides a Policy listed in the Schedule of **Underlying Insurance** and includes any insurer which provides any renewal or replacement of such policies and any insurer which provides any other insurance available to **you.**



HH.   **Waste** means any **waste** material containing **by-product material** and arising out of the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility.**

II   **Whistle-blower** means an **employee,** who discloses or threatens to disclose to a superior or any governmental agency, or who gives testimony relating to any action by **you,** which may be a violation of public Policy as reflected in legislation, administrative rules, regulations or decisions, judicial decisions, or professional codes of ethics.

JJ.   **Wrongful act** means:

Any actual or alleged error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance by **you,** including, but not limited to, those constituted by:

1.   Any violation of antitrust statutes;

2.   Any negligent ministerial act;

3.   Any faulty preparation or approval of maps, plans, reports, surveys, designs, bid documents, bid specifications, other specifications, or inaccuracies due to estimates of probable costs, but only if any of the afore listed services are provided by any **insured** for another **insured;**

4.   **Employment practice liability;** or

5.   Discrimination on any basis, including, but not limited to: race, creed, religion, ethnic background, national origin, age, handicap, sex or sexual orientation; but not intentionally committed by **you** or at **your** direction.

**Wrongful act** also means any **personal injury offense** or **advertising injury offense.**

**Advertising injury offense** means any act, error, or omission constituted by one or more of the following:

1.   Oral or written publication of material that slanders or libels a person or organization, or disparages a person or organization's goods, products, or services;

2.   Oral or written publication of material that violates a person's right of privacy;

3.   Misappropriation of advertising ideas or style of doing business; or

4.   Infringement of copyright, title or slogan.



**Personal injury offense** means any act, error, or omission constituted by one or more of the following:

1.  False arrest, detention or imprisonment;

2.  Malicious prosecution;

3.  Oral or written publication of material that slanders or libels a person or organization, or disparages a person or organization's goods, products, or services;

4.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies by or on behalf of its owner, landlord or lessor;

5.  Violation of an individual's right to privacy; or

6.  Assault and battery.

KK.    **Your Product** means:

1    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   a.    **You;**

   b.    A person or organization whose business or assets **you** have acquired; and

2    Containers, other than vehicles, materials, parts or equipment furnished in connection with such goods or products;

**Your product** includes:

1.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product;**

2.  The providing of or failure to provide warnings or instructions;

3.  Work or operations performed by **you** or on **your** behalf; and

4.  Materials, parts or equipment furnished in connection with such work or operations.



**SECTION III.    LIMITS OF INSURANCE**

A.    The Limits of Insurance shown in the Declarations and the rules below state the most we will pay in excess of **your retained limit** regardless of the number of:

    1.    **Insureds.** However, in the event that there are multiple **municipalities as Named Insureds, our** Limits of Insurance shall apply separately to each **municipality** insured under this Policy;

    2.    **Claims** made or **suits** brought; or

    3.    Persons or organizations making **claims** or bringing **suits.**

B.    The **retained limit** shown in the Declarations applies:

    1.    Only to damages for **occurrences,** losses for **wrongful acts,** or losses for **employee benefit wrongful acts** covered under this Policy; and

    2.    Separately to each **occurrence, wrongful act,** or **employee benefit wrongful act** or series of continuous, repeated, or related **occurrences, wrongful acts, or employee benefit wrongful acts;** and

    3.    Separately to each **municipality** insured under this Policy in the event that there are multiple **municipalities** as **Named Insureds.**

C.    **Our** duty to pay any sums that **you** become legally obligated to pay arises only after there has been a complete expenditure of **your retained limit** by means of payments for judgments or settlements. **Your retained limit** shall not be exhausted by defense costs nor **your** office expenses, **employees'** salaries, or expenses of any claims servicing organization that **you** have engaged. **We** will then be liable only for that portion of damages in excess of **your retained limit** up to **our** Limits of Insurance.

D.    If the limits of insurance of the **underlying insurance** are less than **your retained limit, you** shall bear the risk of the difference. If such limits, however, are greater than **your retained limit,** this Policy is in excess of the greater limits.

E.    The Per **Occurrence** or **Wrongful Act** or **Employee Benefit Wrongful Act** Limit of Insurance is the most **we** will pay for the sum of all damages because of **bodily injury** or **property damage** arising out of a single **occurrence** or all losses arising out of a single **wrongful act** or all losses arising out of a single **employee benefit wrongful act.**



F.   **All occurrences** arising out of continuous, repeated, or related **occurrences shall be** treated as one **occurrence.** All **wrongful acts** or **employee benefit wrongful acts** arising out of continuous, repeated, or related **wrongful acts** or **employee benefit wrongful acts** shall be treated as one **wrongful act** or one **employee benefit wrongful act.** The Limits of Insurance in effect when the first **claim** or **suit** is made and reported to **us** shall apply.

G.   The Aggregate Limits are the most we will pay for the total of all damages:

    1.   Under the **products-completed operations hazard** arising out of all **occurrences; or**

    2.   For all losses arising out of all **wrongful acts; or**

    **3.**   For all losses arising out of all **employee benefit wrongful acts;**

    and subject to SECTION III. A. above, if there are multiple **municipalities** as **Named Insureds.**

H.   The Limits of Insurance apply separately to each consecutive annual period. The Policy Period begins with the effective date shown in the Declarations. If the Policy Period is extended after issuance for an additional period of less than twelve (12) months, the additional period will be deemed part of the last preceding period.

## SECTION IV.   WHO IS AN INSURED

**Insured** means each of the following:

A.   The **Named Insured** designated in the Declarations;

B.   Those individuals who were or now are elected or appointed officials of the **Named Insured,** including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the **Named Insured,** while acting on behalf of the **Named Insured;**

C.   Any of **your employees,** servants, or volunteers while acting within the course and scope of their employment or duties as volunteers;

D.   Any and all legally authorized **joint power authority(ies)** representing any listed **Named Insured** under this Policy. The following are also **insureds** with respect to such **joint power authority(ies):**

    **1**   **The municipality** agencies participating as member agencies in the **joint power authority(ies),** and any and all districts, authorities, committees, trustees, boards, commissions, or similar entity subject to the direction or control of such agencies or for which the board members act as governing body. The member agency includes all departments and constituent agencies of the member agency; and



2     Any person(s) who are past or present elected or appointed officers, employees, or authorized volunteers of the member agencies, whether or not compensated while acting on behalf of the member agencies and within their scope of employment or volunteer capacities, including acting on boards at the direction of the agencies.

E     Any person:

1.     Designated in paragraphs A. through D. with respect to any automobile not owned by you that is used in **your** operations as a **public entity;** and

2.     Using any **owned automobile** or **hired automobile** or any person legally responsible for the use thereof, provided that the **automobile** is being used with **your** permission.

The coverage granted by this provision, however, does not apply to:

1.     Any person operating an **automobile** while working in a business that sells, services, repairs, delivers, tests, parks, or stores **automobiles;** or

2.     The owner or lessee of any **hired automobile,** other than the **insured** or any agent or **employee** of such owner or lessee.

## SECTION V.   EXCLUSIONS

**We** will not defend or pay under this Policy for **claims** or **suits** against **you:**

A.     Arising out of the ownership, maintenance, loading or unloading, use or operation of any aircraft, airfields, runways, hangars, buildings or other properties in connection with aviation activities.

B.     For which **you,** or any carrier as **your** insurer, may be held liable under any workers' or unemployment compensation law, disability benefits law or any similar law. However, this Policy will respond to tort liability arising from Employers Liability subject to all other terms and conditions.

However, this Policy will respond to tort liability arising from Employers Liability subject to all other terms and conditions;

C.     Arising out of any **advertising injury offense** due to:

1.     Breach of contract, other than misappropriation of advertising ideas under an implied contract;

2.     The failure of goods, products or services to conform with advertised quality or performance;



 3. The wrong description of the price of goods, products, or services; or

 4. Operations by an **insured** whose primary business is advertising, broadcasting, publishing or telecasting.

D. For **property damage:**

 1. To property owned by **you;** or

 2. To aircraft in **your** care, custody or control or as to which **you** are for any purpose exercising physical control.

E Arising from liability **you** assume in a contract or agreement. This exclusion does not apply to liability for damages:

 1. Assumed in a contract or agreement that is an **insured contract** provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement; or

 2. That **you** would have in the absence of the contract or agreement;

F. 1. For **bodily injury** or **property damage** due to an **occurrence** or loss due to a **wrongful act** which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time;

 2. For any loss, cost, or expense arising out of any:

  a. Request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants;** or

  b. **Claim** or **suit** by, or on behalf of, a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants.**

  However, 2.b. shall not apply to such loss, cost, or expense arising from any spill, release, or other hazardous condition at or from the premises, equipment, or location(s) which **you** do not own, rent, control or occupy.

However, this exclusion shall not apply to the following:

 i Any liability arising out of police use of mace, oleoresin capsicum (o.c.), pepper gas or tear gas;



ii.    Weed abatement or spraying; or

iii.   Any liability arising out of the **products-completed operations hazard;** or

iv.   Any liability arising from the collision, upset, or overturn of an **automobile** or equipment.

All **bodily injury** or **property damage** due to an **occurrence** or loss due to a **wrongful act** arising from i., ii., iii., or iv. above, arising out of the same, interrelated, associated, repeated or continual discharge, dispersal, release or escape of **pollutants** shall be deemed one **occurrence** or **wrongful act.** The commencement of such discharge, dispersal, release or escape of **pollutants** shall be recorded and reported to the Corporation Counsel or designated Department Head within a seven (7) day period.

It is further agreed that regardless of whether any **suit** or **claim** against **you** has been made, **you** shall give written notice to **us** or any of **our** authorized brokers within forty (40) calendar days of the Corporation Counsel's or designated Department Head's recorded entry of such discharge, dispersal, release or escape of **pollutants** which may result in liability for **bodily injury** or **property damage** due to an **occurrence** or loss due to a **wrongful act** *as* described in i., ii., iii, or iv. above;

G.   1     Arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers, or asbestos dust; or

       2.     For any of **your** obligations to indemnify any party because of damage arising out of **bodily injury** or **property damage** due to an **occurrence** or loss due to a **wrongful act** at any time as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers, or asbestos dust; or

       3.     For any of **your** obligations to defend any **claim** or **suit** against **you** seeking damages arising out of **bodily injury** or **property damage** due to an **occurrence** or loss due to a **wrongful act,** if such **claim** or **suit** results from or is contributed to any combination of the following: manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers, or asbestos dust.

We also shall not pay any cost related to the defense, investigation, and settlement of any such **claim** or **suit** as described in I., 2., or 3. above;



H.  For liability:

1   With respect to which you are an **insured** under a nuclear energy liability Policy by the Mutual Atomic Energy Liability Underwriters, the American Nuclear Insurers, or the Nuclear Insurance Association of Canada, or any successor organizations, or would be an **insured** under any such Policy but for its termination upon exhaustion of its limit of liability; or

2.  Arising out of the hazardous properties of **nuclear material** with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) **you** are, or had this Policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; **or**

3   Arising out of the hazardous properties of **nuclear material,** if:

   a.   The **nuclear material** is at any **nuclear facility** owned by, or operated by **you** or on **your** behalf or has been discharged or dispersed therefrom;

   b.   The **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by **you** or on **your** behalf ; or

   c.   The damage or loss arises out of the furnishing by **you** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion c. applies only to damage or loss to such **nuclear facility** and any property located at the facility;

We also shall not pay any cost related to the defense, investigation, and settlement of any **claim** or **suit.**

I   Arising out of the failure or inability to supply or provide an adequate supply of electricity, fuel, or water arising out of the interruption of the electrical power, fuel, or water supply.

This exclusion does not apply to any **claims** or **suits** against the **insured** based on or attributable to the failure or inability to supply or to provide an adequate supply of water if such failure is caused by an **occurrence** and the capacity of the **insured's** installed production facilities and contractual supply arrangements is equal to or greater than one hundred percent (100%) of the water demand immediately preceeding such failure, on the **insured's** water system.


torus

J.    Arising out of a **wrongful act** by **you** or on **your** behalf in the handling of **claims** or **suits** within **your retained limit** whenever **you** investigate, defend, or settle such **claims** or **suits** or elect a third party to investigate, defend or settle such **claims** or **suits;**

K.    Arising out of the effecting or failure to effect insurance contracts;

L.    Arising out of the Employee Retirement Income Security Act of 1974 or amendments thereto;

M.    Arising out of an alleged willful commission of a crime by **you** or other dishonest, fraudulent, or malicious act.

This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured.**

N.    Arising out of **your wrongful act** for gain, profit, or advantage to which **you** are not legally entitled;

This exclusion shall not apply to any vicarious liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured;**

O.    For **personal injury offense** or **advertising injury offense:**

    1.    Arising out of oral or written publication of material, if done by or at the direction of the **insured** with knowledge of its falsity; or

    2.    Arising out of oral or written publication of material whose first publication took place before the beginning of the Policy Period. All **personal injury offense** or **advertising injury offense** arising out of publication of the same or similar material subsequent to the beginning of the Policy Period is also excluded;

P.    Arising out of the purchase, sale, or offer of sale, or solicitation of any security, debt, bank deposit or financial interest or instrument;

Q.    Arising out of any representations made at any time in relation to the price or value of any security, debt, bank deposit, or financial interest or instrument, including, but not limited to, advice given to any person to participate in any plan included in the **employee benefit program;**

R.    Arising out of any depreciation or decline in price or value of any security, debt, bank deposit or financial interest or instrument;



S. Arising out of an insufficiency of funds to meet any obligation under any **employee benefit program;**

T. Arising out of act, error, or omission by the **insured** to effect and maintain insurance or bonding for plan property or assets of **employee benefit program;**

U. Arising out of failure of performance or performance under any contract by an insurer of benefits subject to the **employee benefit program;**

V. For any **property damage** arising out of **land subsidence** for any reason whatsoever;

W. Arising out of direct condemnation of property or exercise of power of eminent domain by **you** or on **your** behalf, or inverse condemnation, or any taking of property by **you** which is compensable under the Fifth or Fourteenth Amendments to the United States Constitution, or any taking of property by **you** which is compensable under law of the State in which the **claim** or suit is made;

This exclusion shall not apply to physical injury or to destruction of tangible property, including all resulting loss of use of such property for which **you** may be legally responsible and for which recovery is sought for **claims** or **suits** for inverse condemnation, by whatever name called; provided, however, that in any case which a **claim** or **suit** for inverse condemnation, by whatever name called, is made against **you,** coverage shall only exist for physical injury to or destruction of tangible property, including all resulting loss of use of that property, and there shall be no coverage for reduced value of property (diminution of value), attorney fees, expert fees, severance damages, relocation costs or any other form of relief, however denominated;

X. For **wrongful acts** arising out of refund of taxes, fees, or assessments;

Y. Arising out of exposure to or transmission of any actual or suspected Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), or AIDS Related Complex (ARC);

Z. For liability arising out of, or in connection with, the operation of any hospital, or health care facility, owned or operated by the **insured,** including, but not limited to:

    1    The rendering or failure to render:

        a.    Medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith;

        b.    Any service or treatment related to physical or mental health or of a professional nature;

        c.    Any cosmetic or tonsorial service or treatment; or



2   The furnishing of or dispensing of drugs or medical, dental or surgical supplies or appliances.

This exclusion shall not apply to any liability arising out of:

a   Occupational physical examinations, nursing services or nursing treatment at out-patient clinics, paramedics, ambulance operations, or emergency medical technicians;

**b.**   **Employment practice liability;** or

**c.**   **First aid** to any person;

AA.   For liability arising out of or in connection with any transit authority, transit system, or public transportation system owned, operated, or regulated by any **insured.** This exclusion shall not apply to transit or public transportation systems operating over non-fixed routes, including, but not limited to, Dial-a-Ride, senior citizen transportation, or handicapped persons transportation or to contingent liability coverage where such services are contracted;

BB.   For injunctions, equitable relief, or any other form of relief other than monetary damages;

CC.   For liability arising out of or in connection with the operation of any school, owned or operated by **you;** or

DD.   Any obligation of the **Insured** under any Uninsured Motorist or Underinsured Motorist law and to any sums **you** may be legally entitled to recover as damages from the owner or operator of an uninsured or underinsured **automobile** because of **bodily injury** and **property damage** sustained by any **insured,** caused by an **occurrence** and arising out of the ownership, maintenance, operation, use, loading or unloading of such **automobile.**

## VI.   GENERAL CONDITIONS

### A.   Appeals

If **you** or **your underlying insurers** do not appeal a judgment in excess of **your retained limit, we** have the right to make such an appeal. If **we** elect to appeal, the cost incurred will be at **our** expense and not included within **our** Limits of Insurance. **Our** liability on such an award or judgment shall not exceed **our** Limits of Insurance as stated in the Declarations.



B.  **Bankruptcy, Insolvency or Inability to Pay**

**Your** bankruptcy, insolvency or inability to pay, or the bankruptcy, insolvency or inability to pay of any of **your underlying insurers** will not relieve **us** from the payment of any **claim** or **suit** covered by this Policy.

But under no circumstances will such bankruptcy, insolvency, or inability to pay require **us** to drop down or in any way replace **your retained limit** or assume any obligation associated with **your retained limit.**

C.  **Cancellation**

1.  The **Named Insured** may cancel this Policy by mailing to the Insurer advance written notice of cancellation.

2.  If this Policy has been in effect for sixty (60) days or less, the Insurer may cancel this Policy by mailing or delivering to the **Named Insured** written notice of cancellation at least:

    a.  Ten (10) days before the effective date of cancellation if the Insurer cancels for nonpayment of premium; or

    b.  Ninety (90) days before the effective date of cancellation if the Insurer cancels for any other reason.

3.  If this Policy has been in effect for more than sixty (60) days the Insurer may cancel this Policy only for one or more of the following reasons:

    a.  Nonpayment of premium;

    b.  The Policy was obtained through a material misrepresentation;

    c.  The **Named Insured** or Other Insured(s) have violated any of the terms and conditions of the Policy;

    d.  The risk originally accepted has measurably increased;

    e.  Certification to the Director of Insurance of the loss of reinsurance by the Insurer which provided coverage to the Insurer for all or a substantial part of the underlying risk insured; or

    f.  A determination by the Director that the continuation of the Policy could place the Insurer in violation of the insurance laws of the State.

    If the Insurer cancels this Policy based on one or more of the above reasons except for nonpayment of premium, the Insurer will mail written notice to the **Named Insured** at least ninety (90) days before the effective date of cancellation. When



cancellation is for nonpayment of premium, the Insurer will mail notice at least ten (10) days before the effective date of cancellation.

4.  The Insurer will mail notice to the **Named Insured** and the agent or broker at the last addresses known to the Insurer.

5.  Notice of cancellation will state the effective date of cancellation and a specific explanation of the reason or reasons for cancellation. The Policy period will end on that date.

6.  If this Policy is cancelled, the Insurer will send the **Named Insured** any premium refund due. If the Insurer cancels, the refund will be pro rata. If the **Named Insured** cancels, the refund may be less than pro rata. The cancellation will be effective even if the Insurer has not made or offered a refund.

7.  Proof of mailing will be sufficient proof of notice.

D.  **Nonrenewal**

1.  If the Insurer decides not to renew this Policy, the Insurer will mail written notice stating the reason for nonrenewal to the **Named Insured's** last mailing address known to the Insurer at least ninety (90) days before the expiration date of the Policy. A copy of the notice will also be sent to:

    a.  The broker, if known to the Insurer, or the agent of record; and

    b.  The last known mortgagee or lienholder named in the Policy at the last mailing address known to the Insurer.

This paragraph does not apply if the Insurer has manifested a willingness to renew directly to the **Named Insured.**

E.  **Conformance to Statute**

To the extent a term of condition of this Policy conflicts with a statute of the state within which this Policy is issued, this Policy shall be amended to conform to the minimum requirements of the statute.



F. **Duties in The Event of an Occurrence or Wrongful Act or Employee Benefit Wrongful Act or Claim or Suit**

1) General Reporting Requirements

   a) **You** shall notify **us** in writing as soon as practicable of any **occurrence, wrongful act,** or **employee benefit wrongful act** of which **you** become aware which may result in a **claim** or **suit** under this Policy and which involve:

      i) A serious case where, in **your** judgment or the judgment of **your** defense counsel, the exposure may exceed 50% of the **retained limit;**

      ii) A demand or demands totaling 50% of the **retained limit** or more;

      iii) **Claims** or **suits** where, in **your** judgment or the judgment of **your** defense counsel, have potential liability in excess of 50% of **your retained limit** that **you** intend to take to trial.

   b) To the extent possible, notice should include:

      i) How, when, and where the **occurrence, wrongful act,** or **employment benefit wrongful act** took place;

      ii) Names and addresses of any injured persons and witnesses; and

      iii) The nature and or location of any injury or damage arising out of the **occurrence,** loss arising out of the **wrongful act** or **employee benefit wrongful act.**

   c) **You** and any other involved **insured** must:

      i) Cooperate with any **underlying insurers;**

      ii) Comply with the terms and conditions of any **underlying insurance;** and

      iii) Pursue all rights of contribution or indemnity against any person or organization who may be **liable to you** because of **bodily injury** or **property damage, personal injury offense, advertising injury offense, wrongful act** or **employee benefit wrongful act** under this Policy or any **underlying insurance.** This condition, however, shall not apply to the self insured retention of the **retained limit.**



d    When **we** believe that a **claim** or **suit** may exceed the **retained limit, we** may join **you** and, if applicable, any **underlying insurer** in the investigation, settlement and defense of all **claims** and **suits** in connection with such **occurrence, wrongful act,** or **employee benefit wrongful act.** In such event, **we** and **you** will cooperate fully with each other.

e.    Knowledge of any **occurrence** or **wrongful act, claim** or **suit** by an agent, servant or **employee** of the **Named Insured** shall not in itself constitute knowledge by the **Named Insured** unless notice of such injury, **claim** or **suit** shall have been received by the Corporation Counsel, City of Chicago.

2.    Such notice is to be sent with all pertinent facts as respect GENERAL CONDITIONS, paragraphs F.1.b. to:

Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK) Limited
PO Box HM 1503
Hamilton HM FX
Bermuda

## G.    First Named Insured

The **insured** first named in Item 1. in the Declarations is authorized to act on behalf of all **Named Insureds** and other **insureds** with respect to the giving and receiving of notice of cancellation and to receiving any return premium that may become payable under this Policy. The **insured** first named in Item 1. in the Declarations is responsible for the payment of all premiums, but the **Named Insureds** jointly and severally agree to make such premium payments in full if the **insured** first named in Item 1. fails to pay the amount due within thirty (30) days after **we** give a written demand for payment to the **insured** first named in Item 1.

## H.    Inspection

**We** have the right, but are not obligated, to inspect **your** premises and operations at any time. **Our** inspections are not safety inspections. They relate only to the insurability of **your** premises and operations and the premiums to be charged. We may give **you** reports on the conditions **we** find. **We** may also recommend changes. While they may help reduce **claims** or **suits, we** do not undertake to perform the duty of any person or organization to provide for the health or safety of **your employees** or the public. **We** do not warrant that **your** premises or operations are safe or healthful or that they comply with laws, regulations, codes, or standards.

**We** may review and **your** legal and claims files as respects **claims** or **suits** whose exposure may exceed 50% of **your retained limit.**



I. **Legal Actions Against Us**

There will be no right of action against **us** under this insurance unless:

1. **You** have complied with all the terms and conditions of this Policy; and

2. The amount **you** owe has been determined with **our** consent or by actual trial and final judgment.

J. **Other Insurance**

If other valid and collectible insurance, or group coverage under a **joint powers authority,** applies to a **claim** or **suit** that is also covered by this Policy, and subject to SECTION III. LIMITS OF INSURANCE of this Policy, this Policy will apply excess of the other insurance, whether this other insurance is primary, excess, contingent, or issued on any other basis. This provision, however, will not apply if the other insurance is specifically written to be excess of this Policy.

K. **Policy Changes**

This Policy contains all the agreements between **you** and **us** concerning this insurance. The first **Named Insured** in the Declarations is authorized to make changes in this Policy with **our** consent. This Policy can only be changed by a written endorsement **we** issue and make a part of this Policy.

Notice to any broker or knowledge possessed by a broker or any other person will not effect a waiver or change in any part of this Policy.

L. **Policy Period**

The Policy Period commences on the effective date shown in the Declarations. The period ends on the earlier of either the expiration date or the effective date of cancellation of this Policy. If **you** became an **insured** under this Policy after the effective date, the Policy Period begins on the date **you** became an **insured.**

M. **Policy Territory**

This Policy applies to **occurrences, wrongful acts,** and **employee benefit wrongful acts** anywhere in the world with the exception of any country or jurisdiction which is subject to trade or other economic sanction or embargo by the United States of America, and only if a **claim** is made and a **suit** is brought for such **occurrence, wrongful act,** and **employee benefit wrongful act** in the United States of America.

If coverage for a **claim** or **suit** under this Policy is in violation of any United States of America economic or trade sanctions, including but not limited to, sanctioning administered and enforced by the United States Treasury Department's Office of Foreign Assets Control ("OFAC"), then coverage for that **claim** or **suit** will be null and void.



N. **Premium**

**You** shall be responsible for the payment of the Advanced Premium, as indicated in the Declarations, prior to the effective date of this Policy. The Advanced Premium is a deposit premium only, which shall be credited to the amount of the earned premium due at the end of the Policy Period.

O. **Separation of Insureds**

Except with respect to the Limits of Insurance Section of this Policy and any rights or duties specifically assigned to the first **Named Insured** designated in the Declarations, this insurance applies:

1. As if each **Named Insured** were the only **Named Insured;** and

2. Separately to each **insured** against whom a **claim** is made or **suit** brought.

P. **Subrogation**

If you have rights to recover all or part of any payment **we** have made under this Policy, those rights are transferred to **us. You** must do nothing after such payment to impair these rights and **you** must help **us** enforce them.

Any recoveries shall be applied proportionately to the amount of indemnity paid.

Expenses incurred in the exercise of rights of recovery shall be apportioned between the interests, including **yours,** in the ratio of their respective recoveries as finally settled.

Q. **Transfers of Your Rights and Duties**

The interest of any **insured** is not assignable. **Your** rights and duties under this Policy may not be transferred without **our** written consent.

If **you** are declared legally bankrupt, **your** rights and duties will be transferred to **your** legal representative but only while acting within the scope of his duties as **your** legal representative.

_____

Authorized Representative



**TORUS BERMUDA INTERMEDIARIES LIMITED as MGA for TORUS INSURANCE (UK) LIMITED**

AS Cooper Building
26 Reid Street, Hamilton HM 11
PO Box HM 1503, Hamilton HM FX
Bermuda
Tel: + (441) 295 6722
Fax: + (441) 295-1819
Email For Claims Matters Only:
claims@torusinsurance.com

POLICY NO.: MGA-UMB-2010-0003
RENEWAL

## SPECIAL EXCESS LIABILITY DECLARATIONS

**ITEM 1.**   **NAMED INSURED**   CITY OF CHICAGO, ILLINOIS
333 South State Street
Room 400
Chicago, Illinois 60604

**ITEM 2.**   **POLICY PERIOD** Inception Date: December 31, 2010 To: December 31, 2011
(12:01 A.M. prevailing time at the address stated in Item 1 above)

**ITEM 3.**   **LIMITS OF INSURANCE**

The Limits of Insurance, subject to all the terms and conditions of this Policy are:

Coverage A
A.   Limits of Insurance

  1.   Aggregate Limits                    Limits of Liability

      a.   $5,000,000      **Products-Completed Operations Hazard** Aggregate

      b.   $5,000,000      Errors and Omissions Liability Aggregate, other than **personal**
                           and **advertising injury offense wrongful acts**

      c.   $5,000,000      Employee Benefit Liability Aggregate

  2.   **Per Occurrence** or
       **Wrongful Act** or **Employee**
       **Benefit Wrongful Act** Limit

      $5,000,000      Any one **occurrence** or **wrongful act** or **employee benefit**
                      **wrongful act** or series of continuous, repeated, or related
                      **occurrences** or **wrongful acts** or **employee benefit wrongful**
                      **acts** in excess of **your retained limit.**

Date of Issue: January 6, 2011
MGA-Umbrella MANU Declarations
Page 1 of 3



**TORUS BERMUDA INTERMEDIARIES LIMITED as MGA for TORUS INSURANCE (UK) LIMITED**

AS Cooper Building
26 Reid Street, Hamilton HM 11
PO Box HM 1503, Hamilton HM FX
Bermuda
Tel: + (441) 295 6722
Fax: + (441) 295-1819
Email For Claims Matters Only:
claims@torusinsurance.com

POLICY NO.: MGA-UMB-2010-0003
RENEWAL

## SPECIAL EXCESS LIABILITY DECLARATIONS

**B. Retained Limit**

$15,000,000   Any one **occurrence** or **wrongful act** (other than **employment practice liability**) or **employee benefit wrongful act** or series of continuous, repeated, or related **occurrences** or **wrongful acts** or **employee benefit wrongful acts.**

$15,000,000   Any one **wrongful act** arising out the **employment practice liability**, or series of continuous, repeated, or related **occurrences** or **wrongful acts** arising out of **employment practice liability**

**ITEM 4.**   **ENDORSEMENTS APPLICABLE TO THIS POLICY ON THE ORIGINAL DATE OF ISSUE:**

Title

| | |
|---|---|
| 1. | Cyber Liability Exclusion |
| 2. | Fungus Exclusion Endorsement |
| 3. | Landfill Exclusion |
| 4. | Act of Terrorism Retained Limit Endorsement |
| 5. | Specified Entity Exclusion Endorsement |
| 6. | Designated Project Exclusion Endorsement |
| 7. | Violation of Communication Law Exclusion |
| 8. | Designated Personal Injury Offense Endorsement |
| 9. | Minimum Earned Premium Endorsement |
| 10. | Coverage B Layer Excess Follow Form Endorsement |
| 11. | Coverage B Schedule of Underlying Excess Policies |
| 12. | Amendatory Endorsement- Monell Liability |
| 13. | Knowledge of Occurrence |

**ITEM 5.**   **PREMIUM** USD 2,100,000

**MINIUMUM EARNED PREMIUM** 25%

Total Premium (Including Terrorism Risk Insurance Act Coverage Premium): $2,100,000
premium for Terrorism Risk Insurance Act Coverage: $21,000

Date of Issue: January 6, 2011
MGA-Umbrella MANU Declarations
Page 2 of 3



**TORUS BERMUDA INTERMEDIARIES LIMITED as MGA for TORUS INSURANCE (UK) LIMITED**

AS Cooper Building
26 Reid Street, Hamilton HM 11
PO Box HM 1503, Hamilton HM FX
Bermuda
Tel: + (441) 295 6722
Fax: + (441) 295-1819
Email For Claims Matters Only:
claims@torusinsurance.com

**POLICY NO.: MGA-UMB-2010-0003**
**RENEWAL**

## SPECIAL EXCESS LIABILITY DECLARATIONS

**ITEM 6.** **RETAINED LIMIT CLAIMS SERVICING ORGANIZATION:**    Self Administered

**Producer:**   RK Harrison Insurance Brokers Limited
**(Name and**   One Whittington Avenue
**Address)**   London EC3V 1LE

_____
Authorized Representative


torus

Endorsement No:                          1
This endorsement, effective:     December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:       MGA-UMB-2010-0003
Issued to:                               City of Chicago, Illinois
By:                                       Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## CYBER LIABILITY EXCLUSION

In consideration of the premium charged, it is agreed that this Policy shall not apply to any **Bodily Injury** arising out of or in connection with the negligent transfer, storage or use of any data or information conducted through, within or by the internet or any other public information exchange form.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
5046MGA-UMB-Cyber Liability Exclusion


**torus**

Endorsement No: 2
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## FUNGUS EXCLUSION

In consideration of the premium charged, it is agreed that this Policy does not apply to **Bodily Injury**, **Property Damage**, or any other loss, cost or expense, including, but not limited to losses, costs or expenses related to, arising from or associated with clean-up, remediation, containment, removal or abatement, caused directly or indirectly, in whole or in part, by:

    a. Any "Fungus(i)", "Mold(s)", mildew or yeast; or

    b. Any "Spore(s)" or toxins created or produced by or emanating from such "Fungus(i)", "Mold(s)", mildew or yeast; or

    c. Any substance, vapor, gas, or other emission or inorganic body or substance produced by or arising out of any "Fungus(i)", "Mold(s)", mildew or yeast; or

    d. Any material, product, building component, building or structure, or any concentration of moisture, water or other liquid within such material, product, building component, building or structure, that contains, harbors, nurtures or acts as a medium for any "Fungus(i)", "Mold(s)", mildew, yeast, or "Spore(s)" or toxins emanating therefrom,

Regardless of any other cause, event, material, product and / or building component that contributed concurrently or in any sequence to that **Bodily Injury**, **Property Damage**, loss, costs or expense.

For the purposes of this exclusion, the following definitions apply:

    (i) "Fungus(i)" includes, but is not limited to, any of the plants or organisms belonging to the major group Fungi, lacking chlorophyll, and including "Mold(s)", rusts, mildews, smuts, and mushrooms.

    (ii) "Mold(s)" includes, but is not limited to, any superficial growth produced on damp or decaying organic matter or on living organisms, and "Fungus(i)" that produce Mold(s).

Date of Issue: January 6, 2011
5009MGA-UMB-Fungus Exclusion
Page 1 of 1


torus

Endorsement No:        2
This endorsement, effective:     December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:      MGA-UMB-2010-0003
Issued to:              City of Chicago, Illinois
By:                 Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## FUNGUS EXCLUSION

(iii)     "Spore(s)" means any dormant or reproductive body produced by or arising or emanating out of any "Fungus(i)", "Mold(s)", mildew, plants, organisms, or microorganisms.

All other terms and conditions of this Policy remain unchanged.

Authorized Representative

Date of Issue: January 6, 2011
5009MGA-UMB-Fungus Exclusion
Page 2 of 2



Endorsement No:                3
This endorsement, effective:    December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:      MGA-UMB-2010-0003
Issued to:                      City of Chicago, Illinois
By:                             Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## LANDFILL EXCLUSION

In consideration of the premium charged, it is agreed that this Policy does not apply to any liability arising out of or in connection with any landfill, dumps, location or site used to deposit, store or transfer waste.

For purposes of this Endorsement, "Waste" shall mean all waste and includes, without limitation, materials to be discarded, stored pending final disposal, recycled, reconditioned or reclaimed.

All other terms and conditions of this Policy remain unchanged.

Authorized Representative

Date of Issue: January 6, 2011
5045MGA-UMB-Landfill Exclusion



Endorsement No: 4
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

# ACT OF TERRORISM – INSURED'S RETAINED LIMIT ENDORSEMENT

This Policy is amended as follows:

**A. ITEM 3B. OF THE DECLARATIONS, LIMITS OF INSURANCE,** is amended to include the following additional **Insured's Retained Limit:**

Coverage A **Act of Terrorism-Insured's Retained Limit:$15,000,000. SIR**

Coverage B **Act of Terrorism-Insured's Retained Limit:$55,000,000. SIR**
As per Endorsement No. 10.

**SECTION III. LIMITS OF INSURANCE, paragraph D.** is amended to include the following:

Solely as respect to any **Act of Terrorism-Insured's Retained Limit, we** will be liable only for that portion of damages in excess of the **Insured's Retained Limit** which is as follows:

The amount stated in the Declarations as the **Act of Terrorism- Insured's Retained Limit** as a result of any one **occurrence,** or series of continuous, repeated, or related **occurrences.**

All **claims** and **suits** seeking damages for any liability arising out of an **Act of Terrorism** are subject to this **Act of Terrorism — Insured's Retained Limit. Defense Expenses** shall not erode this **Act of Terrorism — Insured's Retained Limit.**

The **Act of Terrorism — Insured's Retained Limit** applies whether or not there are any applicable underlying policies listed in the Schedule of Underlying Insurance or applicable limits of any other underlying insurance providing coverage to any **insured**. If there is applicable underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to any **insured,** amounts received through such underlying insurance may be applied to reduce or exhaust the Each **Occurrence Act of Terrorism-Insured's Retained Limit.** However, in no event will amounts received through such underlying insurance for the payment of **defense expenses** reduce the Each **Occurrence Act of Terrorism-Insured's Retained Limit.**



| | |
|---|---|
| Endorsement No: | 4 |
| This endorsement, effective: | December 31, 2010 |
| (at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations) | |
| Forms a part of Policy No: | MGA-UMB-2010-0003 |
| Issued to: | City of Chicago, Illinois |
| By: | Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited |

# ACT OF TERRORISM – INSURED'S RETAINED LIMIT ENDORSEMENT

B.  For the purpose of this endorsement, **SECTION II. DEFINITIONS** is amended to include the following additional definitions:

1.  **Defense Expenses** means any payment allocated to a specific loss, **claim** or **suit** for its investigation, settlement or defense, including but not limited to:

    a) Attorney's fees and all other investigation, loss adjustment and litigation expenses;

    b)  Premiums on bonds to release attachments;

    c)  Premiums on appeal bonds required by law to appeal any **claim** or **suit**;

    d)  Costs taxed against the insured in any **claim** or **suit**;

    e)  Pre-judgment interest awarded against any **insured**;

    f)  Interest that accrues after entry of judgment.

2.  **Act of Terrorism** is defined as either:

    a) A certified **act of terrorism** defined by Section 102. Definitions., of the Terrorism Risk Insurance Act of 2002 and any revisions or amendments.

    b) The following Section 102 definition of **act of terrorism** from the Terrorism Risk Insurance Act of 2002 applies:

    (1) **Act of Terrorism:**
        (A) Certification. — The term **act of terrorism** means any act that is certified by the Secretary of the Treasury of the United States, in concurrence with the Secretary of State, and the Attorney General of the United States:
        (i) To be an act of terrorism;
        (ii) To be a violent act or an act that is dangerous to:



Endorsement No:                    4
This endorsement, effective:    December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:       MGA-UMB-2010-0003
Issued to:                            City of Chicago, Illinois
By:                                   Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

# ACT OF TERRORISM – INSURED'S RETAINED LIMIT ENDORSEMENT

(I) Human life;
(II) Property; or
(III) Infrastructure;

(iii) To have resulted in damage within the United States, or outside of the United States in the case of:

    (I)    An air carrier or vessel described in paragraph (5)(B); [for the convenience of this endorsement, paragraph (5)(B) reads: occurs to an air carrier (as defined in Section 40102 of title 49, United States Code) to a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), regardless of where the loss occurs, or at the premises of any United States mission];

    (II)    the premises of a United States mission; and

(iv) To have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

(B) Limitation: No act shall be certified by the Secretary as an **act of terrorism** if:

(i) The act is committed as part of the course of a war declared by the Congress, except that this clause shall not apply with respect to any coverage for workers' compensation; or
    (i) Property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

(C) Determinations Final: Any certification of, or determination not to certify, an act as an **act of terrorism** under this paragraph shall be final, and shall not be subject to judicial review.

(D) Nondelegation: The Secretary may not delegate or designate to any other officer, employee, or person, any determination under this paragraph of whether, during the effective period of the Program, an act of terrorism has occurred; or

c. The use or threatened use of force or violence against person or property, or commission



torus

Endorsement No:                  4
This endorsement, effective:     December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:       MGA-UMB-2010-0003
Issued to:                       City of Chicago, Illinois
By:                              Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## ACT OF TERRORISM – INSURED'S RETAINED LIMIT ENDORSEMENT

of an act dangerous to human life or property, or commission of an act that interferes with or disrupts an electronic or communication system, undertaken by any person or group, whether or not acting on behalf of or in connection with any organization, government, power, authority or military force, when the effect is to intimidate, coerce or harm a government, the civilian population or any segment thereof, or to disrupt any segment of the economy.

d. **Terrorism** will also include any act which is verified or recognized by the United States Government as an **act of terrorism.**

C. Solely as respect to any liability arising out of any **Act of Terrorism, SECTION B. DEFENSE AND DEFENSE EXPENSES** paragraphs 1. and 2. and 3. are deleted in their entirety, and paragraph 3. is replaced by the following:

> **We** will not be obligated to assume charge of the investigation, settlement or defense of any **claim** made, **suit** brought or proceeding instituted against any **insured. We** will however, have the right and shall be given the opportunity to participate in the defense and trial of any **claims, suits** or proceedings relative to any **occurrence** which, in **our** opinion, may create liability on **our** part under the terms of this Policy. If **we** exercise such right, **we** will do so at **our** own expense.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative



Endorsement No:                5
This endorsement, effective:   December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:     MGA-UMB-2010-0003
Issued to:                     City of Chicago, Illinois
By:                            Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## SPECIFIED ENTITY EXCLUSION

This policy is amended as follows:

**SPECIFIED ENTITY EXCLUSION:**

In consideration of the premium charged, it is agreed that this Policy shall not apply to any liability arising from and/or out of operations, of the entities named below; those individuals who were or now are elected or appointed officials of the entities named below, including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity(ies) of the **Named Insured,** while acting on behalf of the entities named below; any of **your employees,** servants, or volunteers while acting within the course and scope of their employment or duties as volunteers for the entities named below:

1. Chicago Park District
2. Chicago Public Schools
3. Chicago Transit Authority
4. City Colleges of Chicago
5. MPEA (Navy Pier and McCormick Place)
6. Chicago Housing Authority
7. Public Building Commission
8. Chicago Department of Aviation (O'Hare International, Midway Airport, Chicago / Gary Airport, and Meigs Field)

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
MANUMGA-UMB-Specified Entity Exclusion



Endorsement No: 6
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## DESIGNATED PROJECT EXCLUSION

This policy is amended as follows:

**DESIGNATED PROJECT(S) EXCLUSION**

In consideration of the premium charged, it is agreed that this Policy shall not apply to any liability as respect to premises owned, maintained or used by any **insured** and operations necessary or incidental to such project(s) performed by or on behalf of any **insured,** or goods or products manufactured at or distributed from such project(s), as scheduled below:

### SCHEDULE OF DESIGNATED PROJECT(S)

Project: O'Hare Modernization Program

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
MANUMGA-UMB-Designated Project Exclusion



Endorsement No: 7
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

# VIOLATION OF COMMUNICATION OR INFORMATION LAW EXCLUSION ENDORSEMENT

This Policy is amended to include the following exclusion:

**Violation of Communication or Information Law**

This insurance does not apply to any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, which prohibits or limits the sending, transmitting or communicating of material or information.

It is understood that to the extent any coverage may otherwise be available under this policy or any of its endorsements, the provisions of this exclusion will supersede.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
5004MGA-UMB- Violation of Communication or Information Law Exclusion



| | |
|---|---|
| Endorsement No: | 8 |
| This endorsement, effective: | December 31, 2010 |
| (at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations) | |
| Forms a part of Policy No: | MGA-UMB-2010-0003 |
| Issued to: | City of Chicago, Illinois |
| By: | Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited |

# DESIGNATED PERSONAL INJURY OFFENSES ENDORSEMENT

This Policy is amended as follows:

Solely with respect to any **claims** or **suits** arising out of the **personal injury offenses** of false arrest, detention and imprisonment, and malicious prosecution as well as assault and battery committed by the **insured** concurrent with and related to such offenses, **SECTION I. WHAT WE SHALL PAY ON YOUR BEHALF, A. INSURING AGREEMENT,** Paragraph 2. ERRORS AND OMISSIONS LIABILITY is deleted in its entirety and replaced by the following:

2.      ERRORS AND OMISSIONS LIABILITY

**We** shall pay **you**, or on **your** behalf, the **ultimate net loss** in excess of the **retained limit**, that the **insured** becomes legally obligated to pay to compensate others for loss arising out of false arrest, detention or imprisonment, and malicious prosecution as well as assault and battery committed by the insured concurrent with and related to such offenses which arise solely from **your** performance of or failure to perform duties as a public entity, if:

a.      (1)      The criminal or civil charges that form the basis for the false arrest, detention or imprisonment, malicious prosecution or concurrent and related assault and battery **claim** or **suit** are dismissed during the Policy Period; or

(2)      The conviction of the claimant based on the false arrest, detention or imprisonment, malicious prosecution or concurrent and related assault and battery is voided during the Policy Period; or

(3)      In the event no criminal or civil charges are filed, the claimant arrested, detained or imprisoned is released from custody during the Policy Period;

and

Date of Issue: January 6, 2011
MANUMGA-UMB-Designated Personal Injury Offenses
Page 1 of 1



torus

Endorsement No: 8
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## DESIGNATED PERSONAL INJURY OFFENSES ENDORSEMENT

 b. Prior to the inception date of this Policy, no agent, servant, or **employee** of the Corporate Counsel, City of Chicago was aware of a suit filed.

This endorsement applies to all **claims** or **suits** arising solely out of the designated **personal injury offenses**, regardless of the legal theory or cause of action alleged, including, but not limited to common law torts, violations of statutes, and violations of civil or constitutional rights. It is understood that this Policy provides no coverage for any **claims** or **suits** arising out of the **personal injury offenses** of false arrest, detention and imprisonment, malicious prosecution or concurrent and related assault and battery other than as provided by this endorsement.

All other terms and conditions of this Policy remain unchanged.

Authorized Representative

Date of Issue: January 6, 2011
MANUMGA-UMB-Designated Personal Injury Offenses
Page 2 of 2



Endorsement No:             9
This endorsement, effective:   December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No:    MGA-UMB-2010-0003
Issued to:                   City of Chicago, Illinois
By:                         Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## MINIMUM EARNED PREMIUM ENDORSEMENT

In consideration of the premium charged, it is agreed that:

If this Policy shall be cancelled by the first **Named Insured**, **we** shall return ninety percent (90%) of the unearned portion of the annual premium calculated on a pro-rata basis (the returned amount of the premium shall be the "short rate return premium", the retained amount shall be the "short rate earned premium"). If however, a Minimum Earned Premium is set forth in item 5 of the Declarations which exceeds the short rate earned premium, then **we** will retain the Minimum Earned Premium and return the difference between the Minimum Earned Premium and the annual premium.

All other terms and conditions of this Policy remain unchanged.

Authorized Representative

Date of Issue: January 6, 2011
5047MGA-UMB-COND-Minimum Earned Premium



Endorsement No: 10
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## COVERAGE B LAYER EXCESS FOLLOW FORM ENDORSEMENT

In consideration of the premium charged, this Policy shall also provide an additional, excess follow form layer of insurance coverage to the Special Excess Liability Policy for the City of Chicago, referred to as Coverage B, as follows:

1. Item 3 of the Declarations, referencing the Limits of Insurance and Retained Limit, is amended for Coverage B to provide for a Limit of Liability of $15,000,000, and a Retained Limit of $55,000,000 (which shall recognize erosion of aggregates in underlying Insurance if applicable).

Coverage B

    A. Limits of Insurance

        1. Aggregate Limits           Limits of Liability

            a. $15,000,000        Annual Aggregate where applicable

        2. **Per Occurrence** or **Wrongful Act** or **Employee Benefit Wrongful Act** Limit

            $15,000,000        Any one **occurrence** or **wrongful act** or **employee benefit wrongful act** or series of continuous, repeated, or related **occurrences** or **wrongful acts** or **employee benefit wrongful acts** in excess of **your retained limit.**

Date of Issue: January 6, 2011
MANUMGA-UMB- Coverage B Layer Excess Follow Form Endorsement
Page 1 of 2


torus

| | |
|---|---|
| Endorsement No: | 10 |
| This endorsement, effective: | December 31, 2010 |
| (at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1(b) of the Declarations) | |
| Forms a part of Policy No: | MGA-UMB-2010-0003 |
| Issued to: | City of Chicago, Illinois |
| By: | Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited |

## COVERAGE B LAYER EXCESS FOLLOW FORM ENDORSEMENT

2.  The following provisions are added to Section I. A., Insuring Agreements of the Policy, but solely for the purposes of Coverage B:

C. Coverage B

1.      We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages.

The amount we will pay for damages is limited as described in Section III. Limits of Insurance, subject to the Schedule of Underlying as set forth in Endorsement number 11.

2.      Coverage B Layer shall follow the terms, definitions, conditions and exclusions of Special Excess Liability Policy for the City of Chicago, subject to the Limits of Insurance and Retained Limit applicable to Coverage B Layer and the Schedule of Underlying Insurance attached to this endorsement.   In no event shall Coverage B Layer provide broader coverage than that provided by Coverage A Layer.

3.      If we are prevented by law or statute from paying damages covered by this policy on behalf of the **Insured**, then we will indemnify the **Insured** for those sums in excess of the **Retained Limit**.

All other terms and conditions of this Policy remain unchanged.

Authorized Representative

Date of Issue: January 6, 2011
MANUMGA-UMB- Coverage B Layer Excess Follow Form Endorsement
Page 2 of 2


torus

Endorsement No:              11
This endorsement, effective:  December 31, 2010
(at 12:01 A.M. prevailing time at the address of the Named Insured as shown in Item 1 (b) of the Declarations)
Forms a part of Policy No:   MGA-UMB-2010-0003
Issued to:                    City of Chicago, Illinois
by:                           Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

---

## COVERAGE B SCHEDULE OF UNDERLYING EXCESS POLICY(IES)

The Schedule of Underlying for Coverage B is as follows:

**Limits of Liability**

1.  Coverage: Multilayer Liability-Occurrence    USD 5,000,000    Products Completed Operations Hazard
    Insurer: Torus Bermuda Intermediaries Limited                 Aggregate
    as MGA
    Policy No. MGA-UMB-2010-0003                 USD 5,000,000    Errors and Omissions Liability
    Policy Period: December 31, 2010- 2011                        Aggregate other than personal and
                                                                  advertising injury offense wrongful acts
                                                 USD 5,000,000    Employee Benefits Liability Aggregate
                                                 USD 5,000,000    Any one occurrence or wrongful act or
                                                                  employee benefit wrongful act or series
                                                                  of continuous, repeated, or related
                                                                  occurrences or wrongful acts or
                                                                  employee benefit wrongful acts in
                                                                  excess of your retained limit

                                                                  Excess of USD 15,000,000 Retained
                                                                  Limit

2.  Coverage: Excess Liability                   USD 10,000,000   Per Occurrence,
    Insurer: AXIS Surplus Insurance Co.          USD 25,000,000   General Aggregate
    Policy No. EAU745237/01/2010                 USD 10,000,000   All Other Aggregates, where applicable
    Policy Period: December 31, 2010-2011                         (excess of Item 1, above)

3.  Coverage: Excess Liability                   USD 10,000,000   Per Occurrence
    Insurer: Everest National Insurance Co.      USD 10,000,000   Annual Aggregate where applicable
    Renewal of:71P 6000005-101                                    (excess of Item 2 above)
    Policy Period: December 31, 2010-2011

4.  Coverage: Excess Liability                   USD 15,000,000   Per Occurrence
    Insurer: Westchester Surplus Lines Ins. Co.  USD 15,000,000   Annual Aggregate where applicable
    Policy No. G22011133 006                                      (excess of Item 3 above)
    Policy Period: December 31, 2010-2011

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
5001MGA-UMB-LTS-Coverage B Schedule of Underlying Excess Policy(ies)



Endorsement No: 12
This endorsement, effective: December 31, 2010
(at 12:01 A.M. prevailing time at the address of the **Named Insured** as shown in Item 1(b) of the Declarations)
Forms a part of Policy No: MGA-UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## AMENDATORY ENDORSEMENT

It is hereby agreed that Section V. Exclusion M. is amended as follows:

M. Arising out of an alleged willful commission of a crime by **you** or other dishonest, fraudulent, or malicious act.

This exclusion shall not apply to any vicarious liability or monell liability that any **insured** has with regard to the managerial, advisory, supervisory, or controlling obligations over the actions of another **insured.**

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
5049MGA-UMB-OMN- Amendatory Endorsement



Endorsement No: 13
This endorsement, effective: December 31, 2010
(At 12:01 A.M., standard time, the address of the **Named Insured** as shown in Item 1 of the Declarations)
Forms a part of Policy No: MGA- UMB-2010-0003
Issued to: City of Chicago, Illinois
By: Torus Bermuda Intermediaries Limited as MGA for Torus Insurance (UK)Limited

## KNOWLEDGE OF OCCURRENCE

It is agreed that this Policy is amended as follows:

Notwithstanding any provision(s) in this Policy to the contrary, and solely as respects any loss reporting requirements under this Policy, it is understood that knowledge of **Occurrence** by the agent, servant or employee of the **Insured** or any other person shall not in itself constitute knowledge by the **Insured,** unless the Department of Law, Corporation Counsel received notice from said agent, servant, employee or any other person.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

Date of Issue: January 6, 2011
MANU-MGA-UMB-Knowledge of Occurrence